IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY A. BURGESS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> NOVICTOR AVIATION LLC, ET AL., <br><br> Defendants. | Civ. No. 21-00242 JMS-WRP <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, ECF NO. 13 |

**<u>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, ECF NO. 13</u>**

**I. <u>INTRODUCTION</u>**

This case arises from the fatal crash of a Novictor Aviation LLC ("Novictor") helicopter while on a tour of Oahu. Plaintiffs, the Estate and adult children of Jan Burgess, a passenger on the tour, originally brought this action in the Circuit Court of the First Circuit Court, State of Hawaii. Novictor then removed the case to federal court on the basis of federal question jurisdiction, arguing that the Federal Aviation Act ("FAA") and Federal Aviation Regulations ("FARs") preempt Plaintiffs' state law claims related to aviation safety. Before the court is Plaintiffs' Motion to Remand, ECF No. 13.

The Motion raises the same question that this court recently considered in *Barnett v. Cass*, __ F. Supp. 3d __, 2021 WL 737132 (D. Haw. Feb. 25, 2021).  As the court explained in *Barnett*, the FAA and FARs preempt any state law standards of care applicable to claims in the field of aviation safety, but Plaintiffs may still rely on state law for all other elements of their claims—breach, causation, damages, and remedies.  Plaintiffs' Motion to Remand is GRANTED.

## II.  **BACKGROUND**

As alleged in the Complaint in this action, on the morning of April 29, 2019, Decedent Jan Burgess boarded a Robinson R44 helicopter for a tour of Oahu operated by Novictor.  ECF No. 1-1 at PageID ## 26-27.  The helicopter was piloted by Decedent Joseph Berridge, a Novictor employee.  *Id.* at PageID # 27.  At approximately 9:00 a.m., the helicopter "was unable to remain in-flight" and crashed to the ground in the vicinity of Kailua, Oahu.  *Id.*  The crash was fatal for all on board.  *Id.*

On April 22, 2021, Plaintiffs filed this action in the Circuit Court of the First Circuit, State of Hawaii, against Novictor, the Estate of Joseph Berridge, and several Doe Defendants ("Defendants").  ECF No. 1-1.  Plaintiffs do not advance any specific causes of action in their Complaint, but instead plead generally that (1) "the subject crash was directly and legally caused by the negligence and/or reckless conduct of [Defendants] in the ownership, control,

operation, maintenance, inspection, repair, training, and/or use of the subject Robinson R44 helicopter"; and (2) "the subject crash was also directly and legally caused by a dangerously defective condition of the subject Robinson R44 helicopter and/or component parts installed therein, due to its manufacture and design, and/or the failure to warn of the risk of injury created by its use in an intended or reasonably foreseeable manner, including reasonably [sic] and foreseeable misuse." *Id.* at PageID # 28.

On May 20, 2021, Novictor removed the case to federal court based on federal question jurisdiction, asserting that Plaintiffs' claims are preempted by the FAA and corresponding FARs. ECF No. 1 at PageID # 2 (citing 28 U.S.C. §§ 1331, 1441, and 1446). Novictor points to Ninth Circuit precedent indicating that the FAA and FARs "'occupy exclusively the entire field of aviation safety'" and argue that Plaintiffs' state law claims are completely preempted because they "(1) implicate a number of FARs directly related to aviation safety and (2) seek to interpret, alter, or substitute new standards for those promulgated by the FAA." *Id.* at PageID ## 10, 12-13 (quoting *Montalvo v. Spirit Airlines*, 508 F.3d 464, 471 (9th Cir. 2007)).

Plaintiffs filed a Motion to Remand on June 18, 2021. ECF No. 13. They cite this court's recent order in *Barnett v. Cass*, ___ F. Supp. 3d ___, 2021 WL 737132 (D. Haw. Feb. 25, 2021) for the proposition that "the Federal Aviation

Act does not create a federal cause of action for a personal injury action, and the complete preemption doctrine is inapplicable to a state court personal injury action arising from an aviation accident and it does not provide a basis for removal." ECF No. 13-1 at PageID # 243.  Plaintiffs go on to assert that "[i]t is unclear what federal aviation statute would be relevant and applicable to Plaintiffs' allegations of negligence against Defendant Novictor Aviation LLC." *Id.* at PageID # 244.  Novictor filed an Opposition on July 12, 2021, ECF No. 16, and Plaintiffs filed a Reply on July 19, 2021, ECF No. 17.

    A hearing was held on August 2, 2021.  ECF No. 20.  Prior to the hearing, the court directed Plaintiffs' counsel to come prepared to discuss "what specific causes of action [Plaintiffs] are asserting in their Complaint and whether they believe a state or federal standard of care applies to each cause of action."  ECF No. 19.  At the hearing, Plaintiffs' counsel explained that Plaintiffs are asserting personal injury claims sounding in "simple negligence."  He further explained Plaintiffs' position that a federal standard of care applies to state law causes of action related to aviation safety where an applicable FAR directly governs the alleged conduct, but where the FARs are silent, a state law standard of care may be relied upon.

///

///

### III.  DISCUSSION

A.     Standard

Removal in this case is premised on federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

But under the "artful pleading rule," a plaintiff may not defeat removal by omitting necessary federal questions from their complaint.  *See, e.g.*, *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010).  Rather, "[a] state-created cause of action can be deemed to arise under federal law," regardless of how it is plead, "(1) where federal law *completely* preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted) (emphasis added).

Courts strictly construe § 1441 against removal and resolve any doubts in favor of remanding the case to state court.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  The party seeking to remove the case bears

the burden of establishing that removal is proper. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

**B.     Analysis**

This case implicates precisely the same question that this court recently addressed in *Barnett v. Cass*, __ F. Supp. 3d __, 2021 WL 737132 (D. Haw. Feb. 25, 2021). Similar to this case, *Barnett* concerned claims brought by passengers on a Novictor helicopter that crashed during an aerial tour of Oahu. *Id.* at *1. And, as in this case, Novictor removed the case to federal court arguing that the FAA and FARs completely preempted the plaintiffs' state law personal injury claims, after which the plaintiffs moved to remand. *Id.* Thus, in *Barnett*, as here, the question before the court was whether the FAA and FARs completely preempt state law personal injury claims for the purpose of federal question jurisdiction. In *Barnett*, this court determined that they do not.

*Barnett* set forth the Ninth Circuit law on FAA preemption, explaining that the FAA and FARs "'occup[y] the entire field of aviation safety,' and that Congress 'clearly indicated its intent to be the sole regulator' of this field." *Id.* at *2 (quoting *Ventress v. Japan Airlines*, 747 F.3d 716, 721 (9th Cir. 2014)). But, as *Barnett* further explains, "'the scope of field preemption extends only to the standard of care.'" *Id.* at *3 (quoting *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013)). Indeed, "the FAA's savings clause, 49 U.S.C.

6

§ 40120(c), establishes that 'even where federal law preempts state law standards of aviation safety . . . traditional state and territorial law remedies continue to exist for violation of those standards.'" *Id.* (quoting *Ventress*, 747 F.3d at 723 n.7); *see also Gilstrap*, 709 F.3d at 1007 (explaining that the FAA and FARs "preempt any different or higher standard of care that may exist under [state] tort law" but that plaintiffs "may still rely on [state] tort law to prove the other elements of [their] claims—breach, causation, damages, and remedies").

>Thus, *Barnett* explains:
>
>[C]ourt[s] apply a "two-part framework for evaluating field preemption under the FAA." *Gilstrap*, 709 F.3d at 1006. First, [courts] asks "whether the particular area of aviation commerce and safety implicated by the lawsuit is governed by 'pervasive federal regulations.'" *Id.* (brackets omitted) (quoting *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 811 (9th Cir. 2009)). "If so, then any applicable state standards of care are preempted." *Id.* But "'[l]ocal law still governs the other negligence elements (breach, causation, and damages), as well as the choice and availability of remedies.'" *Id.* (quoting *Elassaad v. Indep. Air, Inc.*, 613 F.3d 119, 125 (3d Cir. 2010)).

___ F. Supp. 3d at ___, 2021 WL 737132, at *3.

Applying this law, the court determined that "the FAA and FARs preempt any applicable state law standards of care" because each of the plaintiffs' claims implicated the "'federally occupied field of aviation safety.'" *Id.* at *3-4 (quoting *Ventress*, 747 F.3d at 721-22). But the court found that "whether

7

Defendants breached those standards of care and what remedies may be appropriate remain questions to be answered under state law principles." *Id.* at *4. Accordingly, the court remanded the case to state court, but provided the plaintiffs with clear instructions: "although Plaintiffs will be permitted to pursue their claims in state court, they will *not* be allowed to substitute a state law standard of care for the FAA standard of care applicable to any of their claims . . . . [B]ecause all of Plaintiffs' claims arise out of the 'federally occupied' field of aviation safety, Plaintiffs will be required to tether each of their allegations to a federal standard of care in state court." *Id.* at *4-5.

The same rule applies here: to the extent that Plaintiffs' claims arise out of the field of aviation safety, federal law must supply the applicable standard of care. But Plaintiffs will still be able to pursue their case in state court and rely on state law for the other elements of these claims.

In their attempts to distinguish this case from *Barnett*, both parties miss the mark. Novictor's argument essentially boils down to casting aspersions on the competency of state courts. Novictor asserts that "by retaining jurisdiction over the present dispute, the court can avoid the risk of a state court misapplying or deviating from the applicable FARs." ECF No. 16 at PageID # 268. This is no argument at all. State courts are courts of general jurisdiction and are competent to apply federal law. *See McKesson v. Doe*, 141 S. Ct. 48, 51 (2020) ("Our system of

8

'cooperative judicial federalism' presumes federal and state courts alike are competent to apply federal and state law" (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)); *Haywood v. Drown*, 556 U.S. 729, 735 (2009) ("'[T]he inference seems to be conclusive, that the State courts would have a concurrent jurisdiction in all cases arising under the laws of the Union, where it was not expressly prohibited'" (quoting The Federalist No. 82, p. 132 (E. Bourne ed. 1947, Book II) (A. Hamilton))).  Indeed, state courts have a duty to faithfully apply federal law.  *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 367 (1990) ("Federal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature.  The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure.").  Novictor's argument fails.[1]

        Plaintiffs also misapprehend the law.  At oral argument, Plaintiffs conceded, correctly, that where a FAR directly regulates an issue, the standard supplied by that FAR preempts the state law standard of care.  But Plaintiffs also

---

[1] Novictor additionally argues that this case should remain in federal court so that it can be consolidated with a separate federal lawsuit arising out of the same incident.  Novictor argues that "[c]onsolidating those two lawsuits will not only save judicial resources, but it will also ensure a consistent application of the applicable FARs."  ECF No. 16 at PageID # 275.  But Novictor offers no legal support for this argument, nor is the court aware of any.  This argument, too, fails.

maintained that if the FARs are silent on an issue of aviation safety, a state law standard of care should apply.  This is incorrect.  The FAA and FARs occupy the entire field of aviation safety, meaning that "federal law establishes the applicable standards of care in the field of aviation safety" and "*any* applicable state standards of care are preempted."  *Gilstrap*, 709 F.3d at 1005-06 (emphasis added).  Allowing state law to provide standards of care on *any* aviation safety topics (even those not directly addressed by the FARs) would impermissibly create "a fragmented patchwork of aviation safety standards under state law, thereby undermining the legislative goal of ensuring uniformity over aviation safety regulation."  *Ventress*, 747 F.3d at 722 (explaining that federal law preempts state law that would "encroach upon, *supplement*, or alter the federally occupied field of aviation safety" (emphasis added)).  The standard of care applicable to claims arising from the field of aviation safety may only be found in federal law.[2]

///

///

---

[2] This is not to say that federal law necessarily preempts state law standards of care in all claims related to *aviation*.  As *Gilstrap* explains, federal law only preempts state law standards of care in fields, like aviation safety, that are "governed by pervasive federal regulations."  709 F.3d at 1006.  In *Barnett*, it was clear from the face of the Complaint that all of the plaintiffs' causes of action arose from the field of aviation safety.  *Barnett*, 2021 WL 737132, at *3.  Here, Plaintiffs appear to be asserting claims that implicate the federally occupied field of aviation safety, but to the extent they assert claims that fall outside this (or any other) pervasively regulated field, they may be able to rely upon a state law standard of care.  Ultimately, this is a question that the state court must decide.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.  The action is remanded to the Circuit Court for the First Circuit, State of Hawaii and the Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 10, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Burgess, et al. v. Novictor Aviation LLC, et al.*, Civ. No. 21-00242, Order Granting Plaintiffs' Motion to Remand, ECF No. 13.